**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3976-22

MEREDITH WINNER, a/k/a
MEREDITH-ANN WINNER,

    Plaintiff-Appellant,

v.

WALTER D. WINNER, JR.,

    Defendant-Respondent.

_____

          Submitted February 13, 2025 – Decided February 21, 2025

          Before Judges Natali and Vinci.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Cumberland County, Docket No. FM-06-0313-10.

          Meredith Winner, appellant pro se.

          Rigden, Lieberman & Mignogna, PA, attorneys for respondent (Melissa L. Mignogna, on the brief).

PER CURIAM

Plaintiff appeals from the July 12, 2023 order terminating defendant's obligation to pay alimony and the July 20, 2023 order awarding defendant attorneys' fees and costs. We affirm for the reasons set forth in Judge Michael R. Ostrowski's thorough and well-reasoned July 12, 2023 oral opinion.

I.

The parties were married in 1986 and divorced pursuant to a final judgment of divorce (FJOD) entered May 17, 2011. In the FJOD, defendant was ordered to pay alimony of $400 per week, which was later increased to approximately $419. Defendant is self-employed as a plumber. Since the FJOD was entered, he was placed in jail on six occasions because he was unable to pay the required alimony.

Defendant came to believe plaintiff was cohabitating with her boyfriend, Joseph Clyde Hughes, for several years. In 2021, he hired a private investigator to conduct a cohabitation investigation. On July 22, 2022, he applied to terminate, suspend, or modify his alimony obligation based on cohabitation with changed circumstances. On September 16, 2022, the court found defendant established a prima facie case of cohabitation and ordered a plenary hearing following a period of discovery and the filing of case information statements by both parties.

The court initially ordered all discovery competed by November 30, 2022. Plaintiff opposed defendant's application to terminate alimony. At plaintiff's request, on November 30, 2022, the court entered an order extending the discovery period to March 1, 2023. The order provides, "[s]hould discovery not be complete[d], the court will consider sanctions, including but not limited to, adverse inferences, monetary sanctions, complete suppression of evidence, etc., as to the offending party." Trial was scheduled for April 3, 2023.

Plaintiff did not file a completed case information statement and refused to respond to defendant's discovery requests. She repeatedly stated she would not provide financial discovery in response to discovery demands or court orders. She instead filed numerous motions, including repeated motions to quash defendant's subpoenas and for reconsideration. Defense counsel attempted to discover relevant financial information by way of subpoenas but was only able to obtain piecemeal information about plaintiff's finances.

On July 12, 2023, the court conducted a hearing on numerous motions filed by plaintiff and defendant's motion to "bar plaintiff's opposition to terminate alimony . . . , pursuant to R[ule] 4:23-2," terminate alimony, and award attorneys' fees. Following the hearing, the court entered an order granting defendant's motion supported by an oral opinion. The court granted the motion

to suppress plaintiff's opposition for "intentional and material refusal to comply with discovery orders" pursuant to Rule 4:23-2.  It found:

> [P]laintiff . . . knowingly and willfully, deliberately violated the [c]ourt's orders for discovery, . . . engaged in delay tactics repeatedly and frivolously . . . took it upon herself to impede [discovery] through a frivolous filing . . . .  The [c]ourt . . . warned the parties that there would be sanctions.  And while [the court] is absolutely loathe[] to do so, [the court] see[s] no alternative.  If [the court] give[s] any further time, . . . there[ is] not one shred of evidence that gives this [c]ourt any level of confidence that [plaintiff] would comply.  The [c]ourt hereby grants . . . defendant's application to dismiss . . . plaintiff's opposition and the [c]ourt will proceed in summary fashion as to the alimony application predicated on cohabitation.

Applying the standard set forth in Lepis v. Lepis, 83 N.J. 139, 151 (1980), and Konzelman v. Konzelman, 158 N.J. 185, 202 (1999), the court found defendant proved plaintiff was cohabitating with Hughes and changed financial circumstances warranted termination of defendant's alimony obligation.  Based on the limited financial information defendant was able to obtain, the court found plaintiff owns two homes unencumbered by mortgages, and she and Hughes previously commingled funds to purchase their "dream home" together in Florida.  The court found Hughes "commingled a lot of funds

4

into . . . plaintiff's account," including "numerous deposits." Specifically, the bank records defendant obtained

> evidences not just . . . Hughes' commingling . . . of $65,000 over the course of less than two years, it enumerates numerous deposits in 2021 of $137,000, which averages out to $11,000 a month. . . . $161,971 in 2022 . . . through October . . . averaging $16,000 [per] month. . . . [T]hat would be very close to approximately $200,000 for 2022.

The court determined defendant's alimony obligation of $419 per month "[p]ales in comparison to the . . . $137,000[,] to buying a condo at the shore outright[,] to having this extra supplemental income from . . . Hughes at $65,000, and the extra . . . almost $161,000 through ten months." In addition, the court found plaintiff received a substantial inheritance from her father, although the amount of the inheritance was unknown due to plaintiff's recalcitrance. The court concluded there "is a significant change in circumstances. This far exceeds what the findings of the [c]ourt were back in . . . 2011."

The court awarded defendant $10,669.80 in attorneys' fees and costs pursuant to Rule 5:3-5(c), finding:

> [T]here is a significant indication that . . . plaintiff has had a significant inheritance, has been cohabitating, has been getting deposits in the tens of thousands of dollars from her paramour and appears to have . . . $300,000 of

5

deposits in her checking account over the course of 2021 and a significant portion of 2022. So [the court] do[es] find . . . there is an ability to pay at least some of the attorneys['] fees.

. . . .

[Plaintiff] conducted herself in bad faith at many of the stages of this litigation, filed vexatious applications, purely, in this [c]ourt's estimation based on the language she used, what she represented, most of which, if not all, unsubstantiated. Mostly frivolous litigation. . . . She willfully was in noncompliance.

. . . This resulted in attorneys['] fees that were unnecessary that were thrust upon . . . defendant. . . . Defendant[,] . . . through his attorney, ma[d]e additional appearances, file[d] subpoenas, file[d] oppositions to the repeated [m]otions to [q]uash. . . . [The court] find[s] that she has conducted herself almost entirely in bad faith and was certainly vexatious, engaged in a lot of frivolous and unsubstantiated litigation to the detriment of . . . defendant.

On July 20, 2023, after reviewing defense counsel's certification of services and costs and making certain reductions, the court entered an order awarding defendant $10,669.80 in attorneys' fees and costs.

On appeal, plaintiff argues she was subjected to "due process violation(s), forgery, mail fraud, and obstruction of mail." Specifically, she contends a postal carrier allegedly forged a signature on a certified mail receipt and on another occasion left a notice of deposition in a concealed location resulting in her

6

receiving it late. Plaintiff argues defendant "committed third-party proxy breach of privacy and perjury" based on the cohabitation investigation.

She contends the court improperly applied a 2014 amendment to N.J.S.A. 2A:34-23(n) to terminate defendant's alimony obligation. She argues the court erred by finding she and Hughes were cohabitating and contends defendant earns income in excess of her own.

Plaintiff concedes she "decided not to disclose her protected information due to perceived obstruction of justice by the court." Defendant's "interrogatories and subpoenas were excessively broad, burdensome, unreasonable, and infringed upon her right to privacy, causing distress and financial harm." The discovery requests violated the Fourth, Thirteenth, and Fourteenth Amendments to the United States Constitution, and Article I, Section 7 of the New Jersey Constitution. She contends defendant sought to gain access to her personal, private, and confidential information to "stalk, harass, intimidate, harm[,] and injure" her.

II.

A.

We are satisfied the court appropriately applied its discretion by suppressing plaintiff's opposition as a sanction for failure to provide discovery

and comply with its discovery orders. "The selection of . . . appropriate sanction[s] is left to the trial court's discretion and will not be disturbed if it is 'just and reasonable in the circumstances.'" Cockerline v. Menendez, 411 N.J. Super. 596, 620-21 (App. Div. 2010) (quoting Hirsch v. General Motors Corp., 266 N.J. Super. 222, 260-61 (Law Div. 1993)). "A trial court has the 'inherent discretionary power to impose sanctions for failure to make discovery.'" Hirsch, 266 N.J. Super. at 260 (quoting Calabrese v. Trenton State Coll., 162 N.J. Super. 145, 151-52 (App. Div. 1978)).

Pursuant to Rule 4:23-2,

> (b)  If a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may make such orders in regard to the failure as are just, [including]
>
> . . . .
>
> (2)  [a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the introduction of designated matters in evidence.

The court's findings plaintiff knowingly, willfully, and deliberately refused to provide discovery, violated the court's discovery orders, and engaged in delay tactics by repeatedly filing frivolous motions are amply supported by substantial evidence in the record. The sanction imposed was "just and

8

reasonable in the circumstances."  Cockerline, 411 N.J. Super. at 620-21.  We do not perceive any basis to disturb the court's decision.

B.

We are also persuaded the court did not misapply its discretion by finding plaintiff was cohabitating with Hughes and a significant change in the parties' financial circumstances warranted the termination of alimony.  Our review of a Family Part judge's fact-finding is limited.  Cesare v. Cesare, 154 N.J. 394, 411 (1998).  "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence."  Id. at 411-12.  We will only reverse a trial judge's factual findings when it is necessary "to 'ensure that there is not a denial of justice' because the family court's 'conclusions are clearly mistaken . . . or wide of the mark.'"  Parish v. Parish, 412 N.J. Super. 39, 48 (App. Div. 2010) (internal quotation marks omitted) (quoting N.J. Div. of Youth and Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008)).  The decision of a family court to modify alimony is reviewed under an abuse of discretion standard.  Spangenberg v. Kolakowski, 442 N.J. Super. 529, 536 (App. Div. 2015); Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006).

A-3976-22

Pursuant to N.J.S.A. 2A:34-23, orders as to alimony, "may be revised and altered by the court from time to time as circumstances may require."[1] In Lepis, the court itemized a non-exhaustive list of "changed circumstances," including "the dependent spouse's cohabitation with another." 83 N.J. at 151; see Konzelman, 158 N.J. at 202 (defining cohabitation as "an intimate relationship in which the couple has undertaken duties and privileges that are commonly associated with marriage"). Lepis recognized that while a supporting spouse "has a continuing obligation to contribute to the maintenance of the dependent spouse at the standard of living formerly shared . . . a decrease is called for when circumstances render all or a portion of support received unnecessary for maintaining that standard." Id. at 152-53.

"[A] showing of cohabitation creates a rebuttable presumption of changed circumstances shifting the burden to the dependent spouse to show that there is no actual economic benefit to the spouse or the cohabitant." Reese v. Weis, 430 N.J. Super. 552, 570 (App. Div. 2013) (quoting Ozolins v. Ozolins, 308 N.J.

_____

[1] In 2014, the New Jersey Legislature amended the alimony statute to include "cohabitation" as a basis for alimony modification. N.J.S.A. 2A:34-23(n); see L. 2014, c. 42, § 1. Because the FJOD in this case was entered in 2011, the 2014 amendment is not applicable. See Landau v. Landau, 461 N.J. Super. 107, 108 (App. Div. 2019). As discussed later in this opinion, the court properly applied the standard applicable prior to the 2014 amendment.

A-3976-22

Super. 243, 245 (App. Div. 1998)).  The court must focus on the cohabitants' economic relationship to discern "whether one . . . 'subsidizes the other.'"  Id. at 571 (quoting Boardman v. Boardman, 314 N.J. Super. 340, 347 (App. Div. 1998)).  Whether this economic benefit exists requires a fact-intensive inquiry by the trial judge.  Id. at 576.

The court's determination plaintiff was cohabitating with Hughes is supported by substantial, credible evidence the record, including defendant's cohabitation investigation and evidence they were commingling their finances for several years.  The court's finding of changed financial circumstances is also supported by substantial, credible evidence in the record.  Based on the limited financial information defendant was able to uncover, plaintiff owns two homes that are not encumbered by mortgages and her bank records evidence large amounts of money being deposited monthly with a substantial amount coming directly from Hughes.  There is no basis for us to disturb the court's finding of a substantial change in financial circumstances warranting the termination of alimony.

Plaintiff's contention the court improperly applied the 2014 amendment to N.J.S.A. 2A:34-23(n) lacks merit.  The court repeatedly advised the parties it was not applying the 2014 amendment because the amendment did not apply

A-3976-22

retroactively to the 2011 FJOD in this case. Rather, the court correctly applied the standard applicable prior to the 2014 amendment.

C.

Under the facts and circumstance of this case, the court appropriately awarded defendant attorneys' fees and costs. "Fees in family actions are normally awarded to permit parties with unequal financial positions to litigate (in good faith) on an equal footing." J.E.V. v. K.V., 426 N.J. Super. 475, 493 (App. Div. 2012) (quoting Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992)). But "where a party acts in bad faith[,] the purpose of a counsel fee award is to protect the innocent party from [the] unnecessary costs and to punish the guilty party." Welch v. Welch, 401 N.J. Super. 438, 448 (Ch. Div. 2008) (citing Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000)).

Pursuant to Rule 5:3-5(c), "the court in its discretion may make an allowance . . . to be paid by any party to the action, including, if deemed to be just, any party successful in the action, on any claim for . . . termination of . . . alimony."

> In determining the amount of the fee award, the court should consider . . . the following factors: (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both

12

during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

[Ibid.]

The court properly considered all the applicable factors and awarded defendant $10,669.80 in attorneys' fees and costs. The record amply supports the court's determination defendant was entitled to such an award based on plaintiff's litigation conduct that resulted in protracted discovery disputes and caused defendant to incur unnecessary attorneys' fees and costs. We do not discern any basis to conclude the court misapplied its discretion by awarding fees and costs.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3976-22